BRIDGE PARK WINDSOR, LIMITED, *v.* NELSON.

1. NAMES—IDENTITY—CONTRACTS—BURDEN OF PROOF.

   In action of assumpsit to recover instalments and interest due on two land contracts, wherein defendant denied all liability and filed verified denial of execution of the contracts as provided by court rule, presumption that identity of name is identity of person *held*, inapplicable and burden of proof cast upon plaintiff to identify defendant as the purchaser under the contracts (Court Rule No. 29 [1933]).

2. SAME—IDENTITY—EVIDENCE—VERIFIED DENIAL OF EXECUTION—COURT RULES.

   Proof by assignee of vendor's interest in two land contracts of identity of defendant in action to recover instalments and interest due as vendee and debtor *held*, essential to make out a *prima facie* case for recovery, where defendant denied liability, and filed verified denial of execution, as presumption of identity is eliminated by court rule in compliance with which such denial was filed (Court Rule No. 29 [1933]).

Appeal from Wayne; Brown (William B.), J., presiding. Submitted October 7, 1937. (Docket No. 58, Calendar No. 39,661.) Decided November 10, 1937.

Assumpsit by Bridge Park Windsor, Limited, an Ontario corporation, against William A. Nelson for sums due on land contracts. Judgment for defendant. Plaintiff appeals. Affirmed.

*David S. Levi (Harold M. Silverston,* of counsel), for plaintiff.

*William S. McDowell* and *Raymond W. Labar,* for defendant.

FEAD, C. J. Plaintiff's declaration counted upon two land contracts and the common counts, to recover instalments due upon the contracts, each dated October 6, 1924, executed by Hall Doyle Company as vendor and Wm. A. Nelson, vendee, and assigned by vendor to plaintiff in 1927. With the declaration plaintiff served a sworn bill of particulars of the principal instalments and interest due.

In addition to answer denying all liability allegations of the declaration, defendant filed verified denial of execution of the contracts as provided in Court Rule No. 29 (1933), and of liability thereon, and of any and all indebtedness to plaintiff.

There was no evidence that defendant had signed the contracts. Plaintiff introduced them in evidence as signed by the vendor and attempted to show acceptance by defendant by introducing book accounts of taxes paid and of payments made by the purchaser to October, 1927. The book accounts were in the name of Wm. A. Nelson. There was no showing of his identity with defendant.

At the conclusion of the plaintiff's case defendant moved for directed verdict and the court granted it on the ground that the testimony had failed to show that defendant was the contract purchaser. There was only one general question and answer in the record which connect defendant with the contractee, Nelson, but the court, on objection, expressly took the answer as preliminary and having no evidentiary value.

Plaintiff invokes the rule that identity of name is identity of person. The rule does not here apply because the book accounts cover the contracts, and defendant made sworn denial of execution and liability under Court Rule No. 29 (1933). This rule eliminated any presumption and cast the burden of proof upon the plaintiff. Having failed to prove the

identity of defendant as vendee and debtor, plaintiff did not make out a *prima facie* case.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.